IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JACK GORDON GREENE**                                                                                   **PETITIONER**

5:04CV00373 WRW

**LARRY NORRIS, Director of the**
**Arkansas Department of Correction**                                                           **RESPONDENT**

## ORDER

Pending are Respondent's Motion for Order Permitting Access to Petitioner for Psychological Evaluation (Doc. No. 32), Respondent's Renewed Motion for Leave to Conduct Discovery (Doc. No. 33), and Petitioner's Renewed Motion for Extension of Time in Which to Disclose Expert Report (Doc. No. 37). Responses were filed to each motion.[1]

For the reasons set out below, Respondent's motion for order permitting access to Petitioner (Doc. No. 32) and Petitioner's motion for extension of time (Doc. No. 37) are **GRANTED.** Respondent's Renewed Motion for Leave to Conduct Discovery (Doc. No. 33) is **GRANTED** in part and **DENIED** in part.

**I.      ACCESS TO PETITIONER FOR PSYCHOLOGICAL EVALUATION**

In preparation for an upcoming hearing regarding Petitioner's claim that he is mentally challenged under *Atkins v. Virginia*,[2] Respondent wants to have Roger Moore, Jr., Ph.D. conduct a psychological evaluation of Petitioner. Petitioner opposes Respondent's motion, contending that Respondent's expert should not be permitted to perform psychological testing until Petitioner's retained mental health expert has concluded his evaluation of Petitioner and the

---

[1] Doc. Nos. 35, 38, 39, 40.

[2] 536 U.S. 304 (2002).

expert report has been disclosed.  Petitioner further argues against Respondent's expert administering an intelligence quotient (IQ) test to Petitioner before his own expert completes an IQ test because of the possibility of an error, called the "practice effect."  The "practice effect" causes subsequent IQ test to have erroneously higher IQ scores, as the person is more familiar with the test.[3]

Because a hearing is scheduled regarding Petitioner's *Atkins* claim, it is important for Respondent to obtain an expert opinion on the issue of Petitioner's possible mental challenges.  Absent a showing of a requirement that Respondent may not proceed with a mental examination of Petitioner until after Petitioner's expert has completed a mental examination, I decline to dictate the strategy Respondent should employ regarding the timing a mental health expert of their choosing will examine Petitioner.  Furthermore, I am confident that the testifying experts will be able to intelligently testify regarding any errors in the scores on any of the tests administered to Petitioner, to include the presence of an inflated test score due to "practice effect."  Accordingly, Respondent's Motion for Order Permitting Access to Petitioner for Psychological Evaluation (Doc. No. 32) is **GRANTED**.

Respondent has retained Dr. Roger Moore, Jr. to conduct a mental evaluation of Petitioner to form an opinion on whether Petitioner is mentally challenged under *Atkins*.  The Arkansas Department of Correction is hereby ordered to permit a special contact visit on June 16 and 17, 2009, between Petitioner and Dr. Roger Moore so that a mental evaluation may be conducted.

---

[3]Doc. No. 35.

## II.     LEAVE TO CONDUCT DISCOVERY

Also in preparation of the upcoming hearing regarding Petitioner's claim that he is mentally challenged under *Atkins*, Respondent has filed a Renewed Motion for Leave to Conduct Discovery (Doc. No. 33).  Respondent requests the Court grant leave to issue subpoenas *duces tecum* to obtain Petitioner's school records from the Superintendent of the Wilkes County School District (located in Wilkesboro, North Carolina) and the Superintendents of any other schools Petitioner attended; employment history records from the custodian of records at the Internal Revenue Service Office (located in Little Rock, Arkansas and North Carolina); disability records, to include applications and determinations, from the Social Security Administration; and Petitioner's mental health records from the Arkansas State Hospital (located in Little Rock, Arkansas), Lenoir Memorial Hospital (located in Kinston, North Carolina), and Broughton Hospital (located in Morganton, North Carolina).[4]

Habeas Rule 6(a) of the Rules Governing Section 2254 cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Discovery should be liberally granted in capital cases.[5]  However, the proper court to issue a subpoena "for production or inspection, if separate from a subpoena commanding a person's attendance, [is] the court for the district where the production or inspection is to be made."[6]  Accordingly, the requests for production of

---

[4] FED. R. CIV. P. 26(a) (as amended, effective, Dec. 1, 2007) includes production of documents as a permissible discovery device.

[5] *McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in the judgment in part); *accord id.* at 855 (majority opinion).

[6] FED. R. CIV. P. 45(a)(2)(C).

documents from North Carolina must be addressed by the U.S. District Court(s) in North Carolina. Therefore, Respondent's request for leave to issue subpoenas *duces tecum* from record custodians in North Carolina is **DENIED**.  Petitioner's request for leave to issue subpoenas *duces tecum* from record custodians within Arkansas, as listed above, is **GRANTED** and Respondent is permitted to issue subpoenas *duces tecum* to the requested Arkansas entities.  If feasible, Respondent should furnish copies of the produced documents to Petitioner as soon as possible.

## III.     EXTENSION OF TIME FOR EXPERT REPORT DISCLOSURE

Petitioner has moved for an extension of time to disclose his expert report (Doc. No. 37). Respondent opposes the motion, citing to the hardship such an extension would cause Respondent in preparing for an effective cross-examination of Petitioner's expert at the evidentiary hearing scheduled to begin on August 13, 2009.[7]  Petitioner has requested that his expert report not be disclosed until July 13, 2009.  I find that Petitioner has shown the need for an extension of time, as his expert has not been able to complete a mental evaluation of Petitioner.  Accordingly, Petitioner's Renewed Motion for Extension of Time in which to Disclose Expert Report (Doc. No. 37) is **GRANTED**.  Petitioner's expert report must be disclosed by 5:00 p.m., Monday, July 13, 2009 and Respondent's expert report must be disclosed by 5:00 p.m., Monday, August 3, 2009.

## IV.     CONTINUATION OF HEARING

It seems to me,  the timing of the proposed disclosure of Petitioner's expert report does not allow an adequate time for Respondent to properly prepare for cross-examination of

---

[7]Doc. No. 39.

Petitioner's expert at the hearing.  Therefore, the evidentiary hearing scheduled for August 13 and 14, 2009, is continued to November 23 and 24, 2009.  The hearing will take place at the Richard Arnold United States Courthouse, Little Rock, Arkansas, in courtroom 4C at 9:30 a.m.

IT IS SO ORDERED this 10th day of June, 2009.


/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE