# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| JACK GORDON GREENE | * | |
| | * | |
| Petitioner | * | |
| | * | |
| VS. | * | NO: 5:0400373 SWW |
| | * | |
| LARRY NORRIS | * | |
| | * | |
| Respondent | * | |

## ORDER

This is a capital habeas proceeding pursuant to 28 U.S.C. § 2254 by Petitioner Jack Gordon Greene ("Greene"). By order entered February 26, 2010, the Court committed Greene to the custody of the Attorney General for transportation to a federal medical center for psychological evaluation. On March 1, 2010, counsel for Greene filed a notice of appeal and a motion to stay the commitment order pending appeal (docket entry #102), and Respondent has filed a response in opposition (docket entry #111). After careful consideration, and for reasons that follow, Greene's motion, which the Court construes as a motion for a stay pending appeal and for certification of an interlocutory appeal, is denied.

The order committing Greene to the custody of the Attorney General for evaluation followed a hearing held February 24, 2010, during which Greene testified that he does not want to pursue a claim set forth in his petition that he is mentally retarded and therefore ineligible for the death penalty under *Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242 (2002). Greene testified that he disapproves of efforts to "make him out to be" mentally retarded, that the assertion that he is mentally retarded is "far from the case," and the claim that he is incompetent is "an outright lie." Because Greene's attorneys maintain that he is incompetent to withdraw his

*Atkins* claim, it is the responsibility of this Court to determine his competence to waive or withdraw the claim, and it is appropriate for the Court to "subject [Greene] to psychiatric and other appropriate medical examinations and, so far as necessary, to temporary federal hospitalization for this purpose." *Rees v. Peyton*, 384 U.S. 312, 314, 86 S. Ct. 1505, 1507 (1966).

In support of the motion to stay pending appeal, counsel argues that (1) the commitment order violates Greene's Fifth Amendment privilege against self-incrimination; (2) the commitment order violates Greene's right to the effective advice and presence of counsel prior to and during any examination; (3) intelligence testing would be invalid and impair counsel's ability to have Greene evaluated by an expert retained on his behalf; and (4) an evaluation regarding Greene's competency pursuant to *Ford v. Wainwright*, 477 U.S. 399 (1986) is unjustified.

The Court finds that counsel's arguments are without merit. First, the Fifth Amendment privilege against self-incrimination has no application here. The privilege is a corollary to the government's burden in a criminal action to establish the elements of a crime beyond a reasonable doubt, and it prohibits the government from forcing a defendant to talk and then using the defendant's own statements against him. *See Estelle v. Smith*, 451 U.S. 454, 468 101 S. Ct. 1866 (1981). Entitlement to the privilege depends upon the existence of a reasonable basis for apprehension of self-incrimination, and the danger of self-incrimination must be "real and appreciable, not remote and speculative." *Ueckert v. Comm'r*, 721 F.2d 248, 250 (8th Cir. 1983)(citations omitted). The Court finds that the evaluations ordered in this case present no

danger of self-incrimination.[1]

Second, the Court finds no authority to support counsel's argument that Greene has a right to effective assistance of counsel in this habeas action, which includes a "right to the effective advice of, and presence of, counsel prior to and during any examination."

Third, in light of counsel's steadfast position that Greene refuses or is unable to be tested by retained experts or to communicate with counsel, the argument that testing at a federal medical center will "impair counsel's ability to have Greene evaluated by neuropsychologist retained on his behalf" is unpersuasive.

Fourth, counsel apparently believes that the Court's inquiry into whether Greene understands that he is to be executed is connected to a competency inquiry pursuant to *Ford v. Wainwright*, 477 U.S. 399, 409-10, 106 S.Ct. 2595(1986). Such is not the case. Whether Greene understands that he is to be executed is relevant to whether his claim withdrawal is knowing. *See Nooner v. Norris*, 402 F.3d 801, 806 (8th Cir. 2005).

A party seeking a stay pending appeal must show (1) that he is likely to succeed on the merits; (2) that he will suffer irreparable injury unless the stay is granted; (3) that no substantial harm will come to other interested parties; and (4) the stay will do no harm to the public interest. *See Arkansas Peace Center v. Arkansas Dept. of Pollution Control*, 992 F.2d 145, 147 (8th Cir.

---

[1]Counsel cites *Nooner v. Norris*, No 5:08CV00003 (E.D. Ark., Interim Order entered Sept. 17, 2009) to support the argument that the commitment order entered in this case violates Greene's Fifth Amendment right against self incrimination. In *Nooner*, the petitioner sought habeas relief, claiming that he was actually innocent of the crime for which he was sentenced to death. The Court denied the respondent's motion to depose the petitioner, reasoning that the only issue on which the petitioner could be deposed was his actual innocence, the petitioner would be entitled to assert his privilege against self incrimination, and the deposition would not result in information that could be considered by the Court. The present situation has nothing in common with the issues before the Court in *Nooner*.

1993); *James River Flood Control Ass'n v. Watt,* 680 F.2d 543, 544 (8th Cir. 1982). The Court finds none of the foregoing factors present and will deny the motion to stay.

**Motion for Certification of Interlocutory Appeal**

Title 28 U.S.C. § 1292(b) permits a district court to certify an order for determination on interlocutory appeal if it finds that the order from which an appeal is sought involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation. "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

In aid of the proper exercise of the Court's jurisdiction, the Court has ordered that Greene be evaluated at a federal medical center. The Court finds no grounds for an immediate appeal from that order.

IT IS THEREFORE ORDERED that Petitioner's motion for a stay and for certification of an interlocutory appeal (docket entry #102) is DENIED.

IT IS SO ORDERED THIS 18TH DAY OF MARCH, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE