**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


JACK GORDON GREENE                      *
                      Petitioner         *
                                         *
                                         *
VS.                                      *          NO: 5:04CV00373   SWW
                                         *
                                         *
                                         *
LARRY NORRIS                            *
                      Respondent         *
                                         *


**ORDER**

This is a capital habeas proceeding pursuant to 28 U.S.C. § 2254 by Petitioner Jack

Gordon Greene ("Greene").   Before the Court is Petitioner's "motion for a ruling and for other

relief" (docket entry #121) and Respondent's response (docket entry #125).  After careful

consideration, and for reasons that follow, the motion is granted to the extent that the Court will

authorize limited discovery on the issue of Petitioner's competency to waive a claim pursuant to

*Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242 (2002), but all additional relief requested is

denied.

During a hearing held in this case on February 24, 2010, Petitioner Greene testified, over

his attorneys' objections, that he desired to withdraw the claim set forth in his petition that he is

mentally retarded and thus ineligible for the death penalty.  Counsel for Greene maintains that

his client lacks the capacity to appreciate his position and make a rational choice with respect to

pursuing or abandoning an *Atkins* claim and that he is incompetent to proceed with any aspect of

this litigation.  Finding that the issue of Greene's competency to waive a claim had been sufficiently raised, the Court ordered that he be transferred to a federal medical facility for evaluation.  *See Rees v. Peyton*, 384 U.S. 312, 314, 86 S. Ct. 1505, 1506 (1966)(permitting a district court to order psychiatric and other appropriate medical examinations and temporary federal hospitalization for the purpose of determining whether a habeas petitioner "has the capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering a mental disease, disorder, or defect which may substantially affect his capacity in the premises").

After conducting a forensic mental health evaluation, Dr. Christina A. Pietz of the United States Medical Center in Springfield, Missouri found Greene competent.  In a forensic report dated June 27, 2010,  Dr. Pietz opines that Greene does not meet the criteria for mental illness, and she bases her opinion in part on mental health records dating from 1992 to the present.  Dr. Pietz reports that in 1992, 1995, and 1999, two evaluators at the Arkansas State Hospital determined that Greene did not suffer from a mental illness.  Additionally, Dr. Peitz notes that from 1992 to 2005, while housed at the Arkansas Department of Correction ("ADC"), Mr. Greene "never came to the attention of mental health staff" and did not receive mental health treatment.

Request for Discovery

Unlike the usual civil litigant in federal court, a habeas petitioner is not entitled to discovery as a matter of ordinary course.  However, Rule 6(a) of the Rules Governing Section 2254 Cases provides that a judge may authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.

According to Greene's counsel, Arkansas death row inmates receive "pitiful" mental health treatment, and discovery is necessary to "prove . . . that reliable conclusions may not be drawn from the prison staff's failure to identify mental illness in death row inmates."[1]  Docket entry #121, at 3-4.  Counsel seeks leave to discover (1) the names of all ADC personnel involved in identifying and treating mentally ill inmates on Arkansas's death row, (2) all policies and procedures for identifying and treating mentally ill inmates on Arkansas's death row; and (3) all documents related to identifying and treating mentally inmates on Arkansas's death row. Counsel also seeks to depose Dr. Pietz and ADC personnel involved in identifying and treating mentally ill death row inmates.

Respondent objects to the requested discovery, arguing that "the Court has not determined that a hearing is necessary, nor has it otherwise made any findings regarding Greene's competence that would warrant discovery." Docket entry #125, at 6.  However, the Court finds that a  hearing is necessary in order to determine whether Greene is competent to waive his *Atkins* claim and that counsel is entitled to conduct discovery before the hearing takes place.  Specifically, the Court finds that counsel is entitled to depose Dr. Pietz and ADC personnel involved in identifying and treating mentally ill death row inmates.  However, the Court finds that information regarding the mental health and related treatment of death row inmates other than Greene and counsel's request for  "all documents related to identifying and treating mentally [ill] inmates on Arkansas's death row" exceeds the scope of permissible discovery.

---

[1]Counsel contends that the absence of mental health treatment is "the most important factor in Dr. Pietz's conclusion that he does not suffer from a psychotic illness."   Docket entry #121, at 2-3.

<u>Additional Relief</u>

In addition to the foregoing discovery requests, counsel attempts to renew all motions which the Court previously denied without prejudice, stating:

> Counsel reiterates his request for leave to conduct discovery, for permission to take depositions, for an expansion of the record, for relief necessary to permit an evaluation by the psychiatrist retained on behalf of Mr. Green, and for a competency hearing.  Each of [these] requests [are] sought on the grounds stated in counsel's previous filings (which are incorporated by this reference as if fully set forth herein).

The immediate question before the Court is whether Greene is competent to withdraw his *Atkins* claim, and the Court declines to parse  past motions to determine whether any of the many requests therein are now timely and relevant.  Counsel must file specific motions requesting additional discovery or other relief; a blanket reference to previous motions will not suffice.

For the reasons stated, Petitioner's "motion for a ruling and for other relief" (docket entry #121) is GRANTED IN PART AND DENIED IN PART.  The motion is granted to the extent that Petitioner's counsel is authorized to conduct discovery in accordance with this order.

IT IS SO ORDERED THIS 15TH   DAY OF OCTOBER, 2010.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE