IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

JACK GORDON GREENE                                                    PLAINTIFF

V.                           CASE NO. 5:04-CV-00373-SWW

LARRY NORRIS                                                          DEFENDANTS

## CONSENT PROTECTIVE ORDER

1. On March 25, 2011 plaintiff Jack Gordon Greene caused a *subpoena duces tecum* to be issued to Dr. Christina Pietz which sought all records in the possession or control of the U.S. Medical Center for Federal Prisoners in Springfield, Missouri related to Jack Gordon Greene.

2. The parties have agreed that the records would be provided upon the conditions set forth herein.

3. The parties recognize that the defendant in this case and defendants attorney's will need access to these records. The parties agree that plaintiff may provide the records, if requested to defendant's attorneys. However, the records may be provided only upon condition that defendant and defendant's attorneys agree to comply with this consent protective order.

4. The right of access to all materials provided pursuant to the subpoena shall be limited to the parties, counsel for the parties and their staff, and witnesses or others assisting in preparation for hearings required to review the records in the course of their duties. The right of access to these records shall be provided only if a party or counsel for the party agrees to be bound by the terms of this order. Any person having access to information which is the subject

of this order shall be informed that it is confidential and subject to the non-disclosure order of the court.

5. Except as provided in this order no person having access to material subject to this order, shall make public disclosure of these materials, and no use shall be made of these documents or the information contained in them for any purpose other than trial preparation or trial in this litigation.

6. Nothing contained in this order shall be construed as precluding plaintiffs or defendants from introducing materials that are subject to this order, or the contents thereof, into evidence at trial of this case. However, in the event that any material subject to this order is used in any court proceeding herein, it shall not lose it's status through such use and the parties shall take reasonable steps necessary to protect it's confidentiality.

7. Upon conclusion of this action, including appeals, all copies of the records protected by this order made pursuant to the terms of this order shall be returned to the intervener or destroyed within sixty days by the parties possessing the records.

8. No modification of this order will be made, nor any additional use of these documents authorized, except on order of court following written application to the court and after an opportunity for all parties to be heard.

9. This order shall be effective upon all persons including, parties, council, council staff and witnessess in the litigation. It is enforceable by the content powers of this court.

IT IS SO ORDERED on this 25th day of July 2011.

_____
UNITED STATES MAGISTRATE JUDGE

Approved By: /s/ Dan Stripling

_____
Dan Stripling
Assistant U.S. Attorney


Approved By: /s/ Josh Lee

_____ Josh Lee, by Dan Stripling
Josh Lee          with email
Assistant Federal Public Defender  permission

3