**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| JACK GORDON GREENE | * |
| | * |
| Petitioner | * |
| | * |
| | *   NO: 5:04CV00373   SWW |
| VS. | * |
| | * |
| | * |
| | * |
| LARRY NORRIS | * |
| | * |
| Respondent | * |

**ORDER**

This is a capital habeas proceeding under 28 U.S.C. § 2254 by Petitioner Jack Gordon Greene ("Greene"). Before the Court is Respondent's motion (docket entry #161), asking the Court to prohibit Assistant Federal Defender Scott W. Braden from testifying at the competency hearing scheduled for October 6, 2011. Alternatively, Respondent asks the Court to prohibit Mr. Braden from acting as an advocate for Greene at the hearing. Habeas counsel[1] has filed a response (docket entry #162), and the matter is ready for decision. After careful consideration, and for reasons that follow, Mr. Braden will be permitted to testify on the condition that he withdraw his name as counsel of record in this case.

Respondent reports that Scott W. Braden, one of three attorneys listed as counsel of

---

[1] The Court appointed the Arkansas Federal Public Defender to represent Greene in this case. For purposes of this order, the Court will refer to Greene's attorneys of record--Federal Public Defender Jenniffer Horan and Assistant Federal Public Defenders Scott W. Braden and Joshua R. Lee--as "habeas counsel."

record for Greene, is listed as a witness who is expected to testify at the October 6, 2011 competency hearing in this case. Respondent asserts that pursuant to Rule 3.7 of the Arkansas Rules of Professional Conduct,[2] the Court should either prohibit Mr. Braden from testifying or disqualify him from acting as Greene's advocate at the hearing.

In response, habeas counsel state that after carefully considering Rule 3.7, they included Mr. Braden as a witness because his testimony is essential. Additionally, habeas counsel states that Assistant Federal Defender Joshua R. Lee will make all arguments, objections, and witness examinations at the hearing and that Mr. Braden will not act as an advocate for Greene. Habeas counsel further states that Mr. Braden will be the first witness called, which will eliminate any concern that his testimony might be influenced by other witnesses. Habeas counsel requests, however, that Mr. Braden be permitted to remain at the counsel table in order to assist Lee with tasks such as locating citations, finding documents, and marking exhibits.

Rule 3.7 of the Arkansas Rules of Professional Conduct provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;

---

[2]This Court has adopted the American Bar Association's Model Federal Rules of Disciplinary Enforcement, which provide that the district court must apply the code of professional responsibility adopted by the highest court of the state in which the district court sits, which, in this case, is Arkansas. *See* Local Rule 83.5 for the Eastern & Western Districts of Arkansas; Rule IV(B) ABA Model Federal Rules of Disciplinary Enforcement. The Arkansas Supreme Court has adopted the American Bar Association's Model Rules of Professional Conduct as the State's code of professional responsibility. *See In re Arkansas Bar Ass'n*, 287 Ark. 495, 702 S.W.2d 326, 393 (1985).

(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.

Respondent asserts, and the Court agrees, that none of the foregoing exceptions apply in this case. Furthermore, the Court finds that combining the roles of advocate and witness in this case presents a significant risk of a conflict of interest between lawyer and client. Accordingly, the Court finds that Respondent's motion (docket entry #161) should be and it is hereby GRANTED as follows: Mr. Braden may testify at the competency hearing and may remain at counsel table for the limited purpose of assisting Mr. Lee on the condition that he withdraw his name as counsel of record in this case.

IT IS SO ORDERED THIS 27TH DAY OF SEPTEMBER, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE