IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JACK GORDON GREENE                                                       Petitioner

v.                         No: 5:04-cv-00373-DPM

DEXTER PAYNE, Director,
Arkansas Division of Correction                               Respondent

## NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner Jack Greene submits the attached opinion of the Kentucky Supreme Court, *White v. Kentucky*, No. 2014-SC-725 (Mar. 26, 2020), as supplemental authority in support of his Motion for Relief from Judgment. Greene's motion argues that the Court should hold a hearing on the merits of his intellectual-disability claim because his waiver of the claim was invalid. *White* lends additional support to that argument by holding that a person sentenced to death may not waive a potentially meritorious intellectual-disability claim.

In *White*, the Kentucky Supreme Court affirmed the defendant's death sentence; the defendant petitioned for certiorari; and the U.S. Supreme Court vacated the judgment and remanded for further consideration in light of *Moore v. Texas*, 137 S. Ct. 1039 (2017). After remand, the defendant "*pro se* sent a letter to the Attorney General, stating his disagreement with his attorneys' decision to pursue an intellectual disability defense." Ex. 1 at 3. He also filed a "motion" with the state supreme court asking it to "dismiss the issue" because he was not "retarded." *Id.* The court held that a defendant

may not waive the Constitution's categorical prohibition on execution: "[W]hen a punishment is prohibited by the Eighth Amendment[,] blocking an entire category of individuals from a certain penalty, and evidence has been established creating a reasonable doubt as to whether a defendant is a member of that category, the issue cannot be waived." *Id.* at 5. Because the evidence showed that the defendant may be intellectually disabled, the court rejected his waiver and ordered a hearing on the issue.

A similar result is warranted here. Greene is likely intellectually disabled, but the Court never reached the merits of that claim because it allowed Greene to waive it. Whether Greene may be executed is not a decision for Greene to make. The decision rests with this Court after a hearing on whether Greene is indeed intellectually disabled—as Dr. Andrews, the only doctor to have conducted a proper evaluation, has concluded.

Dated: March 30, 2020                    Respectfully submitted,

                                                               LISA G. PETERS
                                                               FEDERAL DEFENDER

By:   JOHN C. WILLIAMS (ABN 2013233)
       Ass't Federal Public Defender
       Federal Public Defender's Office
       1401 W. Capitol, Ste. 490
       Little Rock, AR 72201
       (501) 324-6114
       john_c_williams@fd.org

*Counsel for Jack Gordon Greene*