## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**JACK GORDON GREENE**                                          **PETITIONER**

**V.**                          **CASE NO.  5:04CV00373**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                          **RESPONDENT**

### RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Comes now the respondent, Dexter Payne, Director, Arkansas Division of

Correction, by and through counsel, Leslie Rutledge, Attorney General, and Karen

Virginia Wallace, Assistant Attorney General, and for his response, states:

Greene has submitted the opinion in *White v. Kentucky*, No. 2014-SC-725,

slip op. (Ky. Mar. 26, 2020), as supplemental authority in support of his Motion for

Relief from Judgment.  He offers the opinion specifically as additional authority

for the proposition that a person sentenced to death may not waive a potentially

meritorious intellectual-disability claim.

Throughout over 25 years of court actions and examinations by several

medical professionals, Greene was never diagnosed as intellectually disabled by

any medical expert who examined him.  He waived his intellectual-disability claim

after a hearing on his competency to do so in his habeas action, which was decided

in 2016.   The habeas denial was affirmed by the United States Court of Appeals

for the Eighth Circuit, and the Supreme Court of the United States denied certiorari in 2017. *See* Response to Motion for Relief from Judgment (Doc. 266, pp. 1-11).

As explained in the Response (Doc. 266, pp. 12-30), Greene's Rule 60(b) motion is a prohibited second or successive petition; it is untimely, and it does not demonstrate the extraordinary circumstances that are necessary to reopen a final judgment under Rule 60(b)(6).

As for the *White* opinion now offered by Greene, it is axiomatic that a Kentucky state court opinion is not binding on this Court. Even when viewed as potentially persuasive authority, *White* is inapposite in this Rule 60(b) relief-from-judgment determination for several reasons.

*White* is a direct appeal from a murder conviction for which White received the death penalty. *White*, slip op. at 1. Originally, the court affirmed the conviction and sentence, *id.*, at 2-3, but the Supreme Court of the United States vacated the judgment and remanded the case for further consideration of White's intellectual-disability claim in light of *Moore v. Texas*, 137 S. Ct. 1039 (2017). *Id.*, at 2-3. While the case was pending on remand, the Kentucky Supreme Court in *Woodall v. Commonwealth*, 564 S.W.3d 1, 2 (Ky. 2018), held that Kentucky's statute requiring a showing of an IQ of 70 or less to determine intellectual disability was unconstitutional under the Eighth Amendment, a holding that changed the standard under which White's initial mandatory appeal was reviewed

and which conceivably could have changed the result of his intellectual-disability determination based on his IQ test scores. *White*, at 6-9. After remand, White made a pro se request for the court to waive his intellectual-disability claim so that he could move forward with post-conviction proceedings. *White*, at 1-2. Based upon the holdings in *Moore* and *Woodall,* the court held that White could not waive his pending intellectual-disability claim and that he had produced enough evidence to form a reasonable doubt as to his intellectual capabilities to warrant remand for an evidentiary hearing on that issue. *Id.*, at 2. The court in *White* stated, "we need not decide the broader attorney-client question of whether a defendant can *pro se* waive any pending or potential claim because we hold that *Atkins v. Virginia*, 536 U.S. 304 (2002), and its progeny—extending to *Moore*— have placed an absolute bar against imposing the death penalty on the intellectually disabled." *Id.*, at 4.

The factual and procedural differences between the case at bar and *White* are obvious. *White* is a direct appeal; the case at bar is an attempt to reopen a federal habeas case which has been final for years and which included an unsuccessful appeal to the Eighth Circuit Court of Appeals and a denial of certiorari by the Supreme Court of the United States. White raised the intellectual-disability claim at the trial level and presented evidence there sufficient to warrant a hearing on the issue, while Greene did not. White had two IQ scores from tests taken before he

3

was 18 years old to support his claim; Greene had none.  *White* relies on *Moore*, while Respondent has explained in his Response the reasons why *Moore* is inapplicable to this case.  (Doc. 266, at 18-28)  And, as noted in Respondent's response to the Rule 60(b) motion (Doc. 266, p. 22), before the competency-to-waive hearing, Greene's attorney's took the position that the question of whether Greene suffered from intellectual disability as defined by Arkansas law and by *Atkins* was irrelevant to whether he was mentally competent to proceed or to waive his rights.  (Doc. 175, at 2)

Even with *White*, Greene's Rule 60(b) motion has no merit.  It should be denied.

WHEREFORE, Respondent prays this Court deny Greene's motion for relief from judgment.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

BY:  KAREN VIRGINIA WALLACE
Arkansas Bar No.  85043
Assistant Attorney General
**Attorneys for Respondent**
323 Center Street, Suite 200
Little Rock, Arkansas 7220l-2610
Telephone:  (501) 682-8125
Email:  karen.wallace@arkansasag.gov