IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JACK GORDON GREENE                                        Petitioner

v.                       No: 5:04-cv-00373-DPM

DEXTER PAYNE, Director,
Arkansas Division of Correction                           Respondent

## **REPLY TO RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

    Greene replies to one point in Payne's response to his supplemental authority (*White v. Kentucky*). Recall that the Court first had a hearing in February 2010, at which it questioned Greene about whether he wished to waive his *Atkins* claim. (He did.) It then held another hearing in October 2011, at which the parties presented evidence about Greene's competence to waive the *Atkins* claim. Citing Greene's objections before the 2011 hearing, Payne says habeas counsel "took the position that the question of whether Greene suffered from intellectual disability as defined by Arkansas law and by *Atkins* was irrelevant to whether he was mentally competent to proceed or to waive his rights." ECF No. 270 at 4. This statement leaves the impression that counsel has belatedly raised the argument upon which *White* is based—namely, that *Atkins* claims may not be waived.

    That impression would be mistaken. In his objections to the 2010 hearing, Greene argued that *Atkins* claims may not be waived. In relevant part, the objections state:

1

> It is also significant that this is a capital case where Mr. Greene's very eligibility for the death penalty is at stake. A prisoner's mental retardation—his very eligibility for the sentence of death—should not be subject to ordinary principles of waiver and forfeiture. *See* Lee Kovarsky, *Death Ineligibility and Habeas Corpus,* 95 Cornell L. Rev. 330 (2010). The Eighth Amendment codifies our social judgment that the death penalty should never be imposed on certain people, and thus "there are higher values at stake here than [Mr. Greene's] right to self-determination." *State v. Hightower,* 518 A.2d 482, 484 (N.J. Super. 1986) (holding that a lawyer may appeal a jury's imposition of the death penalty notwithstanding his client's directions that "he only wants to appeal the guilt phase"). Just as a fourteen-year old defendant should not be permitted to waive the constitutional restrictions limiting the death penalty to adults, so a prisoner who may be mentally retarded should not be permitted to waive his Eighth Amendment ineligibility for that punishment. To allow a prisoner to waive his constitutional eligibility for the death penalty violates due process and constitutes cruel and unusual punishment, at least where experienced counsel has determined that the issue should be raised and where (as in this case) there has never before been any opportunity to have the issue adjudicated, *see Simpson v. Norris,* 490 F.3d 1029 (8th Cir. 2007). For all of these reasons, whether to claim that Mr. Greene is a person with mental retardation (and exempt from the death penalty for that reason) is a decision ultimately for his counsel to make.

ECF No. 86 at 4–5. Failure to raise this argument earlier is not a valid ground for distinguishing *White* or for rejecting Greene's Rule 60(b) motion.

Dated: April 15, 2020                    Respectfully submitted,

                                         LISA G. PETERS
                                         FEDERAL DEFENDER

                              By:    JOHN C. WILLIAMS (ABN 2013233)
                                     Ass't Federal Public Defender
                                     Federal Public Defender's Office
                                     1401 W. Capitol, Ste. 490
                                     Little Rock, AR 72201
                                     (501) 324-6114
                                     john_c_williams@fd.org